KEVIN RYAN BEHRENDT CASBN#211879
DERMER BEHRENDT
13101 WASHINGTON BOULEVARD, SUITE 407
LOS ANGELES, CA 90066
PHONE:        (310) 614-2492
FACSIMILE:  (310) 954-9206
E-MAIL: KEVIN@DERMERBEHRENDT.COM

ATTORNEY FOR PLAINTIFF
SOLO INDUSTRIES, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLO INDUSTRIES, INC, | ) No. |
| | ) |
| Plaintiff, | ) COMPLAINT FOR: |
| | ) |
| vs. | ) 1. PATENT INFRINGEMENT |
| | ) |
| MIKE'S NOVELTIES, INC., MIKE'S | ) 2. TRADEMARK INFRINGEMENT, FALSE |
| WORLDWIDE, LLC and MIKE'S | ) ADVERTISING, AND UNFAIR BUSINESS |
| WORLDWIDE, INC all doing business as | ) PRACTICES |
| MIKE'S WORLDWIDE, INC., | ) |
| WWW.GOMWI.COM, and MIKES | ) 3. COUNTERFEITING |
| WORLDWIDE IMPORTS and MANISCH | ) |
| CHANDER, also known as MIKE CHANDER, | ) 4. COPYRIGHT INFRINGEMENT |
| MANISCH CHANDRA, and MIKE | ) |
| CHANDRA, individually | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff Solo Industries, Inc. ("SOLO") submits this Complaint for Patent Infringement, Trademark Infringement, False Advertising, Unfair Business Practices, and Counterfeiting against defendants Mike's Novelties, Inc., Mike's Worldwide, LLC and Mike's Worldwide, Inc. doing business as Mike's Worldwide, Inc., www.gomwi.com, and Mike's Worldwide Imports (collectively, "MWI") and Manisch Chander, also known as Mike Chander, Manisch Chandra, and Mike Chandra, individually, ("Mr. Chander") (all defendants will collectively be referred to as "Defendants") as follows:

## INTRODUCTION

COMPLAINT -- 1

1.      SOLO invented a self-lighting integrated smoking device ("Solopipe"). The Solopipe is a novel invention conceived in California and marketed internationally. The Solopipe combines the functionality of a lighter with a pipe.

2.      The U.S. Patent and Trademark Office ("USPTO") granted SOLO three (3) patents and one (1) trademark registration for the mark SOLOPIPE protecting the valuable intellectual property associated with its Solopipe.

3.      SOLO has revolutionized the market in smoking pipes with its Solopipe by integrating a bowl for storage of smoking material, an ignition source, a fuel source, and a chamber to carry smoke to the user into one device. The revolutionary, patented design was the result of SOLO's large investment in innovation and has led to the extraordinary acclaim and success of SOLO. Solopipe has had commercial success both in the United States and internationally.

4.      Defendants sell a self-lighting integrated smoking device using the mark "SOLOPIPE" on its website at www.gomwi.com and in its catalogs.

5.      This action seeks damages for patent infringement, trademark infringement, false advertising, unfair business practices, and product counterfeiting relating the unauthorized sale of a self-lighting integrated smoking device sold under the trademark SOLOPIPE. The claims are made against MWI and Mr. Chander as an owner, officer, director, and/or member of MWI.

6.      Defendants have systematically copied SOLO's innovative technology, product features, designs, and trademark and have flooded the market with its infringing and competing product in an effort to take market share from SOLO. Instead of pursuing their own independent product development, Defendants have blatantly copied SOLO's innovative technology in violation of SOLO's intellectual property rights.

7.      Despite an array of intellectual property rights protecting the Solopipe, Defendants have engaged in significant counterfeiting. Defendants' counterfeit Solopipes

COMPLAINT -- 2

deceive consumers into believing the product that they purchased is an authorized product of SOLO. Consumers falsely believe, when purchasing Defendants counterfeit Solopipe, that they will receive all of the benefits of a legitimate SOLO product.

8.      This action seeks injunctive relief and damages against Defendants for patent infringement, trademark infringement, false advertising, unfair business practices, and product counterfeiting relating to the unauthorized manufacturing, importation, offering for sale, and sale of counterfeit self-lighting integrated smoking devices sold by Defendants under the trademark SOLOPIPE. The claims are made against MWI and Mr. Chander as an owner, officer, director, and/or member of MWI.

## PARTIES

9.      SOLO is a corporation duly organized and operating under the laws of the State of California with its principal place of business located in the County of Los Angeles, State of California.

10.     Upon information and belief, defendants Mike's Novelties, Inc., Mike's Worldwide, LLC and Mike's Worldwide, Inc. doing business as Mike's Worldwide, Inc., www.gomwi.com, and Mike's Worldwide Imports are Texas corporations or limited liability companies with their principal place of business in Houston, Texas. On information and belief, MWI is engaged in the business of importing, distributing, offering to sell, and selling products through its online retail website over the internet throughout the United States and the World.

11.     Upon information and belief, Manisch Chander, also known as Mike Chander, Manisch Chandra, and Mike Chandra is an individual residing in the Houston, Texas metropolitan area. Upon information and belief, Mr. Chander is the owner, officer, director, and/or member of MWI.

COMPLAINT -- 3

12.     Upon information and belief, Mr. Chander directed and controlled and continues to direct and control the infringing activity of manufacturing, importation, offering for sale, and selling of the counterfeit products by MWI.

## JURISDICTION AND VENUE

13.     This action arises under the Patent Act, 35 U.S.C. § 1, *et seq.* and the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (any Act of Congress relating to patents and trademarks) and, supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) (supplemental jurisdiction over related actions arising under state law).

14.     The Court has personal jurisdiction over Defendant because Defendant has committed and continues to commit acts of infringement in violation of the Patent Act, 35 U.S.C. § 1, *et seq.* and the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* by placing infringing products into the stream of commerce, with the knowledge that such products are sold in the State of California, including this district. Defendants are subject to the personal jurisdiction of this Court as they have done business in this district and a substantial part of the events giving rise to SOLO's claims occurred in or were aimed at this judicial district.  Defendants have purposefully availed themselves of the benefits of doing business in the State of California, by advertising and promoting goods to the residents of California and by causing injury to SOLO within California.

15.     Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b) in that, on information and belief, Defendants have done business in this district and a substantial part of the events giving rise to SOLO's claims occurred in or were aimed at this judicial district.

## BACKGROUND AND FACTS

16.     SOLO is the creator and inventor of Solopipe, a self-lighting integrated smoking device.

COMPLAINT -- 4

17.     Solopipe is a novel invention conceived in California and marketed internationally. SOLO acquired its patents, trademarks, and copyrights to protect the valuable intellectual property associated with the Solopipe.

18.     SOLO undertook significant efforts and extensive costs to create and develop its Solopipe and to apply for patent registrations.

19.     SOLO filed three (3) patent applications for the Solopipe with United States Patent and Trademark Office ("USPTO"), all of which were granted registration.

20.     As a result of its efforts, SOLO is the owner of U.S. Design Patent Registration No. D577,150 (the "D'150 Patent) for an "Integrated Smoking Implement" issued on September 16, 2008. *See* copy of the D'150 Patent attached as Exhibit A.

21.     SOLO is the owner of U.S. Utility Patent Registration No. 7,905,236 (the "'236 Patent) for an "Integrated Smoking Device" issued on March 15, 2011. *See* copy of the '236 Patent attached as Exhibit B.

22.     SOLO is the owner of U.S. Utility Patent Registration No. 7,753,055 (the "'055 Patent) for an "Integrated Smoking Device" issued on July 13, 2010. *See* copy of the '055 Patent attached as Exhibit C.

23.     In addition, SOLO filed a trademark application with the USPTO on May 24, 2007 which resulted in SOLO receiving a Trademark Registration No. 3,375,493 for the mark SOLOPIPE (the "SOLOPIPE Mark") on January 29, 2008.  *See* copy of the U.S. Certificate of Registration for the mark SOLOPIPE attached as Exhibit D.

24.     SOLO also owns California Trademark Registration No. 112969 for the mark SOLOPIPE. See copy of the California Certificate of Registration for the mark SOLOPIPE attached as Exhibit E.

25.     SOLO's Solopipe is manufactured by a licensed manufacturer and sold to licensed wholesalers and retailers across the United States and the world.

COMPLAINT -- 5

26.    SOLO only licenses one manufacturer to produce its Solopipes.

27.    SOLO only allows its licensees to sell the Solopipe to retailers or consumers.

28.    Since 2007, SOLO has continuously used its SOLOPIPE Mark to identify its patented Solopipes from the self-lighting pipes of others.

29.    SOLO undertakes significant efforts, and expends considerable sums each year, to ensure that its Solopipes cannot be purchased through any wholesaler or retailer that is not controlled or licensed by SOLO.

30.    At no time has SOLO licensed or otherwise authorized Defendants to manufacture or sell its Solopipes and related products or use the Solopipe Mark.

### DEFENDANTS' INFRINGING ACTIVITY

31.    Rather than innovate and develop their own technology, Defendants have chosen to copy SOLO's technology in its Solopipe.

32.    Upon information and belief, Defendant has been and is infringing SOLO'S D' 150 Patent by manufacturing, importing, offering to sell, and selling a self-lighting integrated smoking device, under the SOLOPIPE Mark, that copies SOLO's technology and innovative style contained in SOLO's D'150 Patent.

33.    Upon information and belief, Defendant has been and is infringing SOLO's '236 Patent by manufacturing, importing, offering to sell, and selling a self-lighting integrated smoking device, under the SOLOPIPE Mark, that copies SOLO's technology contained in SOLO's '236 Patent.

34.    Upon information and belief, Defendant has been and is infringing SOLO's '055 Patent by manufacturing, importing, offering to sell,  and selling a self-lighting integrated smoking device, under the SOLOPIPE Mark, that copies SOLO's technology contained in SOLO's '055 Patent.

COMPLAINT -- 6

35.     Upon information and belief, Defendants have been and are infringing SOLO's D' 150, '236, and '055 Patents by manufacturing, importing, offering to sell, and selling its self-lighting integrated smoking device, under the SOLOPIPE Mark, that copies SOLO's technology and innovative style contained in SOLO's D' 150, '236, and '055 Patents at the direction and control of defendant Mr. Chander.

36.     Defendants' infringement of SOLO's patents identified in this Complaint provides Defendants with unique functionality for his product that is the result of SOLO's innovation, not Defendants'. Defendants have not obtained permission from SOLO to use its inventions in the identified patents.

37.     Defendants have had actual notice and constructive notice of SOLO's patent claims in SOLO's D' 150, '236, and '055 Patents.

38.     Upon information and belief, Defendants have been manufacturing, importing, offering for sale, marketing, promoting, advertising, and selling self-lighting integrated smoking devices to individuals, wholesalers, and retailers across the nation that infringe upon SOLO's U.S. Trademark Registration No. 3, 375,493, the SOLOPIPE MARK.

39.     Upon information and belief, Defendants have been manufacturing, importing, offering for sale, marketing, promoting, advertising, and selling self-lighting integrated smoking devices to individuals, wholesalers, and retailers across the nation using nearly exact copies of the SOLOPIPE Mark.

40.     Upon information and belief, Defendants had both actual and constructive knowledge of SOLO's ownership of and rights in the SOLOPIPE Mark.

41.     Defendants adopted and used in commerce the SOLOPIPE Mark, and marks confusingly similar to the SOLOPIPE Mark, with full knowledge that their infringing use of the SOLOPIPE Mark was intended to cause confusion, mistake, and deception among consumers.

COMPLAINT -- 7

42.     Defendants offer their goods and services incorporating the infringing marks in the same channels of trade as those which SOLO offers its legitimate goods and services.

43.     Consumers seeking SOLO's legitimate goods and services are likely to be confused and deceived or mistake Defendants' infringing goods and services as being affiliated, connected, or associated with SOLO.

44.     Upon information and belief, MWI has been manufacturing, importing, offering for sale, marketing, promoting, advertising, and selling self-lighting integrated smoking devices incorporating the SOLOPIPE Mark at the direction and control of Mr. Chander.

45.     Defendants are trading off of the goodwill and reputation established by SOLO by using SOLO's SOLOPIPE Mark.

**COUNT I**
**PATENT INFRINGEMENT**
**(Infringement of the D' 150 Patent)**

46.     SOLO repeats and re-alleges the allegations of paragraphs 1 through 45, as though fully set forth herein.

47.     Upon information and belief, Defendants have infringed and continue to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the D' 150 Patent by manufacturing, importing, offering to sell, and selling in the United States its self-lighting integrated smoking device. Defendants' activities violate 35 U.S.C. § 271.

48.     Upon information and belief, Defendants' infringement of the D'150 Patent has been and continues to be intentional, willful, and without regard to SOLO's rights. Upon information and belief, Defendants' infringement of the D' 150 Patent is and has been intentional, deliberate, and willful at least because Defendants have had knowledge of the D'150 Patent as a result of its participation in the pipe manufacturing and selling industry.

49.     Defendants, including Mr. Chander, had actual knowledge of the patent infringement by Defendants or was willfully negligent to the same.  Defendant Mr. Chander

COMPLAINT -- 8

directed and materially profited from Defendants' infringing activity.  As such, defendant Mr. Chander is jointly and severally liable for the infringing activity.

50.    Upon information and belief, Defendants' have gained profits by virtue of its infringement of the D' 150 Patent.

51.    SOLO has sustained damages as a direct and proximate result of Defendants' infringement of the D'150 Patent.

52.    SOLO is suffering and will continue to suffer irreparable harm from Defendants' continued infringement of the D' 150 Patent. SOLO has no adequate remedy at law and is entitled to an injunction against Defendants continuing infringement of the D' 150 Patent. Unless enjoined, Defendants will continue to infringe its product.

**COUNT II**
**PATENT INFRINGEMENT**
**(Infringement of the '236 Patent)**

53.    SOLO repeats and re-alleges the allegations of paragraphs 1 through 52, as though fully set forth herein.

54.    Upon information and belief, Defendants have infringed and continue to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '236 Patent by manufacturing, importing, offering to sell, and selling in the United States its self-lighting integrated smoking device. Defendants' activities violate 35 U.S.C. § 271.l

55.    Upon information and belief, Defendants' infringement of the '236 Patent has been and continues to be intentional, willful, and without regard to SOLO's rights. Upon information and belief, Defendants' infringement of the '236 Patent is and has been intentional, deliberate, and willful at least because Defendants have had knowledge of the '236 Patent as a result of their participation in the pipe manufacturing and selling industry.

56.    Defendants, including Mr. Chander, had actual knowledge of the patent infringement by Defendants or was willfully negligent to the same.  Defendant Mr. Chander

directed and materially profited from Defendants' infringing activity.  As such, defendant Mr. Chander is jointly and severally liable for the infringing activity.

57.     Upon information and belief, Defendants' have gained profits by virtue of its infringement of the '236 Patent.

58.     SOLO has sustained damages as a direct and proximate result of Defendants' infringement of the '236 Patent.

59.     SOLO is suffering and will continue to suffer irreparable harm from Defendants' continued infringement of the '236 Patent. SOLO has no adequate remedy at law and is entitled to an injunction against Defendants continuing infringement of the '236 Patent. Unless enjoined, Defendants will continue to infringe its product.

**COUNT III**
**PATENT INFRINGEMENT**
**(Infringement of the '055 Patent)**

60.     SOLO repeats and re-alleges the allegations of paragraphs 1 through 59, as though fully set forth herein.

61.     Upon information and belief, Defendants have infringed and continue to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '055 Patent by manufacturing, importing, offering to sell, and selling in the United States its self-lighting integrated smoking device. Defendants' activities violate 35 U.S.C. § 271.

62.     Upon information and belief, Defendants' infringement of the '055 Patent has been and continues to be intentional, willful, and without regard to SOLO's rights. Upon information and belief, Defendants' infringement of the '055 Patent is and has been intentional, deliberate, and willful at least because Defendants have had knowledge of the '055 Patent as a result of their participation in the pipe manufacturing and selling industry.

63.     Defendants, including Mr. Chander, had actual knowledge of the patent infringement by Defendants or was willfully negligent to the same.  Defendant Mr. Chander

COMPLAINT -- 10

directed and materially profited from Defendants' infringing activity.  As such, defendant Mr. Chander is jointly and severally liable for the infringing activity.

64.     Upon information and belief, Defendants' have gained profits by virtue of its infringement of the '055 Patent.

65.     SOLO has sustained damages as a direct and proximate result of Defendants' infringement of the '055 Patent.

66.     SOLO is suffering and will continue to suffer irreparable harm from Defendants' continued infringement of the '055 Patent. SOLO has no adequate remedy at law and is entitled to an injunction against Defendants continuing infringement of the '055 Patent. Unless enjoined, Defendants will continue to infringe its product.

## COUNT IV
## TRADEMARK INFRINGEMENT and UNFAIR BUSINESS PRACTICES

67.     SOLO repeats and re-alleges the allegations of paragraphs 1 through 66, as though fully set forth herein.

68.     SOLO owns U.S. and California trademark registrations for the mark SOLOPIPE.

69.     SOLO also has common law trademark rights in the SOLOPIPE Mark.

70.     SOLO has placed the SOLOPIPE Mark on its self-lighting integrated smoking device in such a manner that the consuming public associates the word "SOLOPIPE" with a unique, self-lighting integrated smoking device.  The SOLOPIPE Mark is further stamped on the housing of the lighter, screen printed on the sales case, and prominently depicted on the www.solopipe.com website.

71.     SOLO has used its federally and state registered SOLOPIPE Mark in commerce in connection with its goods and services including its self-lighting smoking device.

72.     Upon information and belief, Defendants have adopted and continue to use in commerce SOLO's federal and state registered SOLOPIPE Mark and marks confusingly similar to the SOLOPIPE Mark with knowledge of SOLO's superior rights, and with full knowledge that

COMPLAINT -- 11

their infringing use of SOLO's SOLOPIPE Mark was intended to cause confusion, mistake, and deception among consumers.

73.     None of the Defendants have sought or obtained a license from SOLO to use the SOLOPIPE Mark for use on any products or for use in selling, offering for sell, advertising, or marketing any product.

74.     Defendants' infringing use of the SOLOPIPE Mark is likely to cause and has caused consumer confusion, deception, and mistake as to the source, affiliation, connection, and sponsorship of the infringing products.

75.     Defendants' actions constitute knowing, deliberate, and willful infringement of SOLO's federally and state registered trademarks. The knowing and intentional nature of the acts set forth above renders this an exceptional case under 15 U.S.C. § 1117(a).

76.     The trademark infringement and unfair business practices by Defendants and/or at the direction of Mr. Chander is causing consumer confusion about the source and sponsorship of these counterfeit goods.

77.     Defendants, including Mr. Chander, had actual knowledge of the trademark infringement and unfair business practices of Defendants or was willfully negligent to the same. Defendant Mr. Chander directed and materially profited from the activities of Defendants' trademark infringement and unfair business practices.  As such, defendant Mr. Chander is jointly and severally liable for the trademark infringement and unfair business practices.

78.     As a direct and proximate result of Defendants' manufacturing, importing, offering to sell, marketing, advertising, and selling self-lighting integrated smoking devices that infringe SOLO's federal and state trademarks, SOLO has suffered financial injury to its business, reputation, and goodwill. As a result, SOLO has been and will continue to be deprived of revenues and profits it otherwise would make and has sustained a loss of goodwill.

COMPLAINT -- 12

79.    SOLO has sustained damages as a direct and proximate result of Defendants' trademark infringement and unfair business practices.

80.    SOLO is suffering and will continue to suffer irreparable harm from Defendants' continued infringement of the SOLO's federal and state trademarks and Defendants' unfair business practices. SOLO has no adequate remedy at law and is entitled to an injunction against Defendants continuing trademark infringement and unfair business practices. Unless enjoined, Defendants will continue their trademark infringement and unfair business practices.

**COUNT V**
**FALSE ADVERTISING**

81.    SOLO repeats and re-alleges the allegations of paragraphs 1 through 80, as though fully set forth herein.

82.    Defendants' unauthorized use of the SOLOPIPE Mark in connection with their websites and other printed advertisements constitutes false advertisement under both federal and state trademark laws.

83.    Defendants' unauthorized use of the SOLOPIPE Mark in connection with their websites and other printed advertisements falsely represents Defendants as the source of legitimate self-lighting integrated smoking devices sold under the SOLOPIPE Mark.

84.    The unauthorized use by Defendants and/or at the direction of Mr. Chander falsely advertising Defendants as the source of legitimate SOLOPIPES has caused and will continue to cause SOLO irreparable harm.

85.    Defendants, including Mr. Chander, had actual knowledge of the false advertisements of Defendants or was willfully negligent to the same. Defendant Mr. Chander directed and materially profited from the activities of Defendants' counterfeiting. As such, defendant Mr. Chander is jointly and severally liable for the counterfeiting.

COMPLAINT -- 13

86.     SOLO has sustained damages as a direct and proximate result of Defendants' false advertising.

87.     SOLO is suffering and will continue to suffer irreparable harm from Defendants' if Defendants are allowed to continue to falsely advertise. SOLO has no adequate remedy at law and is entitled to an injunction against Defendants continuing to falsely advertise using the SOLOPIPE Mark. Unless enjoined, Defendants will continue to falsely advertise using the SOLOPIPE Mark.

**COUNT VI**
**UNFAIR TRADE PRACTICES**

88.     SOLO repeats and re-alleges the allegations of paragraphs 1 through 87, as though fully set forth herein.

89.     Defendants and SOLO are competitors in the market for self-lighting integrated smoking devices, making Defendants' sale of counterfeit products bearing the unauthorized federal and state registered trademarks a state unfair trade practice.

90.     The unfair trade practices by Defendants and/or at the direction of Mr. Chander has caused irreparable injury to SOLO.

91.     Defendants, including Mr. Chander, had actual knowledge of the business activities of Defendants unfair competition or was willfully negligent to the same.  Defendant Mr. Chander directed and materially profited from the activities of Defendants' unfair trade practices.  As such, Defendant Mr. Chander is jointly and severally liable for the unfair trade practices.

92.     SOLO has sustained damages as a direct and proximate result of Defendants' unfair trade practices.

93.     SOLO is suffering and will continue to suffer irreparable harm from Defendants' unfair business practices.  SOLO has no adequate remedy at law and is entitled to an injunction

COMPLAINT -- 14

against Defendants preventing unfair trade practices. Unless enjoined, Defendants will continue to unfairly compete with SOLO.

## COUNT VII
## COUNTERFEITING

94.     SOLO repeats and re-alleges the allegations of paragraphs 1 through 93, as though fully set forth herein.

95.     Counterfeiting has been recognized as a serious issue resulting in tremendous losses to American businesses. To combat counterfeits, Congress passed the "Anticounterfeiting Consumer Proctection Act of 1996" ("ACPA").

96.     California has a similar statute in Business and Professions Code § 14250.

97.     Defendants are manufacturing, importing, offering for sale, and selling counterfeit Solopipes.

98.     The use by Defendants and/or at the direction of Mr. Chander of counterfeit products that Defendants have manufactured, imported, offered for sale, and sold have caused and is causing consumer confusion about the source and sponsorship of these counterfeit goods.

99.     Defendants, including , Mr. Chander had actual knowledge of the business activities of Defendants including but not limited to manufacturing, importing, offering for sale, and selling of counterfeit goods, or was willfully negligent to the same.  Defendant Mr. Chander directed and materially profited from the activities of Defendants' counterfeiting.  As such, defendant Mr. Chander is jointly and severally liable for the counterfeiting.

100.    SOLO has sustained damages as a direct and proximate result of Defendants' counterfeiting.

101.    SOLO is suffering and will continue to suffer irreparable harm from Defendants' continued counterfeiting. SOLO has no adequate remedy at law and is entitled to an injunction

COMPLAINT -- 15

against Defendants from continuing to counterfeit. Unless enjoined, Defendants will continue to counterfeit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Solo Industries, Inc. prays that this Court grant it the following relief:

A.      With regard to Plaintiff's claims for patent infringement:

      1.  Actual damages to be trebled for willfulness;

      2.  Damages according to statute;

      3.  Attorney's fees; and

      4. Costs of Suit.

B.      With regard to Plaintiff's claims for federal and state trademark infringement and unfair business practices:

      1.   Defendants' profits pursuant to the Lanham Act and California Trademark Law;

      2.  Damages sustained by the Plaintiff for trademark infringement;

      3.  Damages according to statute;

      4.  Attorney's fees; and

      5.  Costs of Suit.

C.      With the regard to Plaintiff's claims for counterfeiting:

      1.  Defendants' profits and statutory damages of up to $ 1,000,000 per Defendant under the ACPA;

      2.  Defendants' profits, these profits being trebled under state law;

      3.  Attorney's fees; and

      4.  Costs of Suit.

D.      With regard to all claims as presented by the Plaintiff as against the Defendants:

COMPLAINT -- 16

1.   Equitable relief in the form of a temporary, preliminary, and permanent injunction against all Defendants from the importation, distribution, sale, and use of any product, advertisement, and/or website that bears the SOLOPIPE Mark and/or infringes any element of the SOLOPIPE patent;

2.   Monetary relief that the Court may see to award.

3.   Statutory Damages of no less than $ 1,000,000.00 per Defendant, including Mr. Chander as an officer, director and/or member.

For such other and further relief as the Court may deem just and proper

DATED this 15th day of January, 2016.

By /s/ Kevin Ryan Behrendt
Local Counsel
Kevin Ryan Behrendt CASBN#211879
13101 Washington Boulevard, Suite 407
Los Angeles, CA 90066
Phone:      (310) 614-2492
Facsimile:   (310) 954-9206
E-mail:      kevin@dermerbehrendt.com

By /s/ Greg Latham
Greg Latham
*Pro Hac Vice Application Forthcoming*
Intellectual Property Consulting
201 St. Charles Avenue
New Orleans, LA 70170
T:(504) 322-7166/F:(504) 322-7184
E-mail: glatham@iplawconsulting.com

*ATTORNEYS FOR SOLO INDUSTRIES, INC.*

COMPLAINT -- 17