Kevin Ryan Behrendt  CASBN#211879
kevin@dermerbehrendt.com
DERMER BEHRENDT
13101 Washington Boulevard, Suite 407
Los Angeles, CA 90066
Phone:  (310) 614-2492
Facsimile:  (310) 954-9206

-and-

Gregory D. Latham
(to be admitted pro hac vice)
glatham@iplawconsulting.com
INTELLECTUAL PROPERTY
CONSULTING, LLC
334 Carondelet St., Suite B
New Orleans, Louisiana 70130
Telephone:  (504) 322-7166
Facsimile:  (504) 322-7184

Attorneys for Plaintiff
SOLO INDUSTRIES, INC.

Louis F. Teran (SBN 249494)
lteran@slclg.com
SLC LAW GROUP
1055 E. Colorado Blvd.
Suite #500
Pasadena, CA 91106
Phone:  (818) 484-3217  x200
Facsimile:  (866) 665-8877

Attorneys for Defendants
MIKE'S NOVELTIES, INC.,
et al.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLO INDUSTRIES, INC,<br><br>Plaintiff<br>v.<br><br>MIKES NOVELTIES, INC., et al.<br><br>Defendants | CIVIL ACTION NO. 2:16-cv-00351-RGK-E<br><br>*Honorable R. Gary Klausner Presiding*<br><br>JOINT RULE 26(f) REPORT<br><br>Scheduling Conference:    8/8/2016<br>Time:                                  9:00 AM<br>Courtroom:                  850 - Roybal |

By and through their attorneys of record, who are set forth below, the parties have prepared and hereby submit this jointly signed Scheduling Conference report following the conference of counsel required by Federal Rule of Civil Procedures 16(b) and 26(f), Central District Local Rule 26-1 and this Court's Order setting a Scheduling Conference.

## I. Meeting of Parties

Counsel for the parties met telephonically on July 18, 2016, and thoroughly discussed the issues addressed by Fed. R. Civ. Proc. 26(f) and Local Rule 26-1 and the Order.

## II. Summary of the Case

This is an action for patent infringement, trademark infringement, unfair business and trade practices, false advertising and counterfeiting in which Plaintiff seeks injunctive relief and monetary damages. Plaintiff sells a self-igniting pipe – a device that combines a pipe and a lighter into a single product. Plaintiff owns a U.S. Trademark Registration No. 3,375,493 for the mark SOLOPIPE, as well as California Trademark Registration No. 112969 for the mark SOLOPIPE (collectively the "SOLOPIPE Mark"). Plaintiff also owns U.S. Design Patent No. D577,150 (the "D'150 Patent") titled "Integrated Smoking Implement," U.S. Utility Patent No. 7,905,236 (the "'236 Patent") titled "Integrated Smoking

Device," and U.S. Utility Patent No. 7,753,055 (the "'055 Patent") titled "Integrated Smoking Device" (collectively the "Patents-in-suit").

Plaintiff alleges that the Defendants have had manufactured and sold counterfeit versions of Plaintiff's self-igniting pipe. Defendants' sale of the counterfeit pipes (1) infringe the SOLOPIPE Mark, (2) constitute unfair business practices, unfair trade practices and false advertising with respect to the SOLOPIPE Mark, (3) constitute violations of federal and California law, and (4) directly and indirectly infringe one or more of the claims of the Patents-in-suit.

Defendants have filed an answer in which Defendants (1) deny infringing any of the Patents-in-suit or the SOLOPIPE Mark, (2) deny the validity of the Patents-in-suit, and (3) deny all allegations of unfair business practices, unfair trade practices, false advertising and counterfeiting.

### III. Discovery Plan

**A.** The parties agreed that no changes were necessary in the timing, form, or requirement for disclosures under Rule 26(a), and that they would exchange disclosures on August 22, 2016.

**B.** The parties agreed that discovery was needed on issues concerning patent infringement, trademark infringement, unfair trade practices, counterfeiting and validity of damages, and that discovery need not be conducted in phases. The Plaintiff proposes that discovery be completed by February 20, 2017. Defendants propose that discovery be completed by May 1, 2017.

**C.** Given that this case involves three (3) patents at issue, Defendants propose that the parties be bound by the Northern District of California Patent Local Rules and that discovery and disclosures be conducted accordingly. Plaintiff does not agree that the Northern District of California Patent Local Rules are necessary or even helpful in this case. Although there are three patents at issue, they are not highly technical and any claim construction, if necessary, will not be complex. Moreover, Plaintiff has reason to believe that, once it receives responses to its initial discovery requests, this action will become a simple counterfeiting case with the patent infringement claims being dismissed.

**D.** The parties discussed the disclosure of electronically stored information.

**E.** The Plaintiff believes that privileged communications and work product of trial counsel need not be included in a privilege log. The Defendants believe that such information should be included in a privilege log.

**F.** The parties agreed that no changes should be made in the limitations on discovery imposed under the Federal Rules or by local rule.

**G.** The parties anticipate entering into an appropriate stipulated protective order within the next 30 days in order to allow for the exchange of confidential and/or sensitive information, and to commence formal discovery following the filing of this report.

## IV. Local Rule 26-1 Issues

**A.** *Complex Cases*. The parties agreed that Manual For Complex Litigation need not be utilized.

**B.** *Motion Schedule*. The parties anticipate the filing of motions for summary judgment and/or partial summary judgment. The Plaintiff proposes a deadline of March 6, 2017 to file such motions.

**C.** *Settlement*. The parties have agreed to discuss settlement and propose settlement procedure No. 1.

**D.** *Trial Estimate*. The Plaintiff estimates a 1-2 day trial. The Defendants estimate a 5-7 day trial.

**E.** *Additional Parties*. The parties discussed the possible appearance of additional defendants and agreed to a deadline to file motions to add parties of October 10, 2016.

**F.** *Expert Witnesses*. The Plaintiff proposes a December 19, 2016, deadline to serve opening expert reports on the issues on which each party bears the burden of proof and a January 23, 2017, deadline to serve rebuttal expert reports. The Defendants have proposed no deadlines with respect to expert witnesses or disclosures.

**Proposed Schedule**

| Event | Plaintiff's Proposed Date/Deadline | Defendants' Proposed Date/Deadline |
|---|---|---|
| Initial disclosures | Aug. 22, 2016 | Aug. 22, 2016 |
| Disclosure of Asserted Claims and Infringement Contentions | None[1] | Aug. 22, 2016 |
| Invalidity Contentions | None | Oct. 6, 2016 |
| Last day to file motion to amend pleadings to add parties | Oct. 10, 2016 | Oct. 10, 2016 |
| Exchange of Proposed Terms for Construction | None | Oct. 20, 2016 |
| Exchange of Preliminary Claim Constructions | None | Nov. 10, 2016 |
| Joint Claim Construction and Prehearing Statement | None | Dec. 5, 2016 |
| Opening expert reports on issues on which parties bear burden of proof | Dec. 19, 2016 | |
| Completion of Claim Construction Discovery | None | Jan. 4, 2017 |
| Claim Construction Briefs | None | Jan. 19, 2017 |
| Rebuttal expert reports | Jan. 23, 2017 | |
| Opposition Briefs | None | Feb. 2, 2017 |
| Reply Briefs | None | Feb. 9, 2017 |
| Discovery cutoff | Feb. 20, 2017 | May 1, 2017 |
| Claim Construction Hearing | None | Feb. 27, 2017 |

---

[1] Plaintiff is aware that this Court does not generally include patent-specific deadlines in its scheduling orders, and Plaintiff proposes none here. Moreover, as explained in Section III.C. above, the patents at issue here are not highly technical and there is a likelihood that the patent infringement claims will be dropped based upon early discovery responses from the Defendants. Nevertheless, should the Court choose to adopt such patent-specific deadlines, Plaintiff requests that no such deadlines occur before the parties have a reasonable amount of time for discovery.

| Event | Plaintiff's Proposed Date/Deadline | Defendants' Proposed Date/Deadline |
|---|---|---|
| Motion cutoff (last day to file motions) | Mar. 6, 2017 | May 29, 2017 |
| Pretrial Conference | May 8, 2017 | Aug. 7, 2017 |
| Trial | May 22, 2017 | Aug. 21, 2017 |

DATED this 1st day of August, 2016

                        /s/ Kevin R. Behrendt
                        KEVIN R. BEHRENDT
                        Attorney for Plaintiff
                        SOLO INDUSTRIES, INC.

DATED this 1st day of August, 2016

                        /s/ Louis F. Teran
                        LOUIS F. TERAN
                        Attorney for Defendants
                        MIKE'S NOVELTIES, INC., et al.

## ATTESTATION OF CONCURRENCE IN FILING

I hereby attest and certify that on August 1, 2016, I received concurrence from Defendants' counsel, Louis F. Teran, to file this document with his electronic signature attached.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 1, 2016.

                        /s/ Kevin R. Behrendt
                        Kevin R. Behrendt